JOHN H. MITCHELL *et al.*, plaintiffs in error, *vs.* JOSEPH E. BROWN *et al.*, defendants in error.

In response to a *mandamus* to the clerk of the superior court, requiring him to show cause why he had not sent up the record in this case as directed by the judge of the superior court, he set up the following facts: On September 2, 1876, the bill of exceptions was signed by the judge; it was filed on the 4th; counsel for plaintiffs in error had a portion of the record in their possession, which he (the clerk) was unable to obtain until December 15; the transcript of the record was then completed by his deputy, and certified on the 22d of the same month; on account of his (the clerk's) sickness, the record and bill of exceptions were not forwarded to the clerk of the supreme court until December 30, four days after the return day to the January term, 1877. The case was accordingly entered on the docket of the present term. When the case was called, a motion to dismiss the writ of error was submitted, because the papers had not been forwarded to this court either within the time, or in the manner, prescribed by law:

*Held*, that no such providential cause for delay, as is contemplated by the constitution, having been shown, nor any diligence on the part of plaintiffs in error, the writ of error is dismissed. The case is not covered by the act of 1870.

Practice in the Supreme Court.    August Term, 1877.

Reported in the decision.

R. Toombs; E. F. Hoge; Boynton & Dismuke; E. W. Beck, for plaintiffs in error.

A. W. Hammond & Son; J. L. Brown; B. H. Hill & Son, for defendants.

Warner, Chief Justice.

When this case was called on the docket, the defendants' counsel made a motion to dismiss it on the ground that it had not been sent up to this court in the manner and within the time prescribed by law. The bill of exceptions was signed by the presiding judge on the 2d of September, 1876, by which the clerk of the superior court 'was directed to make out a complete record of the case and transmit the same to the January term, 1877, of the supreme court, which, by law, was to be held on the third Monday of that month, which was the fifteenth day thereof. The bill of exceptions was filed in the clerk's office on the 4th of September, 1876, but the clerk failed to transmit the record to this court until the 30th of December, 1876, four days after the expiration of the return day for the January term of this court, and the clerk of this court, therefore, entered the case on the docket for the present August term.

In answer to a rule of this court at the present term, requiring the clerk of the superior court to show cause why he had not sent up the record of the case to this court, as directed by the order of the judge of the superior court, he answered, under oath, that when he went to make out the record, he found that the answers of the defendants were missing, which were afterwards found in the possession of one of the counsel for the plaintiffs in error, of which he did not obtain possession until the fifteenth day of December; that then the transcript of the record was made out by his deputy clerk, and was certified by him on the 22d of December, and would have been transmitted to this court before the return day thereof, but respondent was sick and unable to attend to business.

The constitution declares that "in case the plaintiff in error shall not be prepared at the first term of the court to prosecute the case, unless prevented by providential cause, it shall be stricken from the docket and the judgment of the court below shall stand affirmed." It is insisted for the plaintiffs in error that, in view of the facts of this case, as hereinbefore recited, the sickness of the clerk in December until return day of the court on the 26th of that month, was such providential cause as would excuse the plaintiffs in error from not being prepared to prosecute their case at the first term of the court as contemplated by the constitution. By the provisions of the Code, the plaintiff in error is required to tender his bill of exceptions to the presiding judge within thirty days from the adjournment of the court, and within ten days after the bill of exceptions is signed and certified by the judge, the opposite party, or his attorney, is to be served with a copy thereof. Within fifteen days from the date of the certificate of the judge, the bill of exceptions must be filed in the office of the clerk of the court where the case was tried, and in ten days from the date of such filing, it *shall* be the duty of the clerk to make out a copy of such bill, together with a complete transcript of the record in such cause. Such transcript, together with the original bill of exceptions, the clerk shall transmit, together with a certificate that the same is the true original bill of exceptions, and a true and complete transcript of the record in such case, to the next term of the supreme court as required by the judge's certificate, directing the same to the clerk of the said court. Code, sections 4252, 4259, 4262. These sections of the Code, it will be perceived, require diligence on the part of plaintiffs in error, and to afford them the necessary assistance to enable them to be prepared to prosecute their cases at the first term of the court, as contemplated by the constitution, the 4264th section of the Code provides them with a remedy by *mandamus*, on application to the supreme court, or to the judge of the superior court, to compel any clerk or sheriff, or other officer, to perform their respective

duties, and the party will lose no right by the failure of the officers to discharge their duties, provided he has not been guilty of any fault himself, and has exercised ordinary diligence to secure their discharge of duty.

The act of 1870 does not alter the law as to the time within which the clerk is to make out, certify and transmit the record to the supreme court, as provided by section 4262. That act was intended to expedite the hearing of cases in the supreme court, at the first term. That act was intended to provide for this state of things: that when the clerk had failed to certify and send up the record in ten days, to the court to which it was made returnable by law, and the plaintiff in error had to resort to his remedy by *mandamus*, to compel him to perform his duty, or in case the clerk should voluntarily perform his duty without the order of the court compelling him to do so, and send up the record in time to reach the clerk of the supreme court twenty days before the first day of the term to which, by law, the case was returnable, it should not be dismissed, although it was not certified and sent up in ten days, as required by the 4262d section of the Code. If the case does not arrive at the supreme court twenty days before the first day of the term to which, by law, it is made returnable, it cannot be heard at that term, unless the court shall be satisfied it was transmitted in time to have reached the clerk of the supreme court twenty days before the court, or if not transmitted in time, it was by reason of the act of the defendant in error to produce delay, or tending to produce delay. Code, §§4272, 4273. In the case now before us, the plaintiffs in error and the clerk of the court were both at fault, according to the clerk's answer to the rule against him. The plaintiffs' counsel had a part of the record until the 15th of December. The clerk then, according to his own showing, had from the 15th of December to the 26th of that month, to make out and transmit to the supreme court a transcript of the record, either by himself or his deputy clerk, whose powers and duties

were the same as his own, so far as making out and transmitting the record to the supreme court was concerned, and there is no pretence that his deputy was sick. See Code, §266. The bill of exceptions was filed in the clerk's office on the 4th of September, 1876, and by the fault of the plaintiffs in error, or of the clerk, or of both of them, the record was not made out and transmitted to this court by the clerk, or his deputy, until the 30th of December thereafter. There is no pretence of the existence of any providential cause which could have prevented the exercise of ordinary diligence, either on the part of the plaintiffs in error, or the clerk, in procuring the transmission of the record, from the 4th of September up to the time of the alleged sickness of the clerk in December. The true cause of the delay occurred long before Providence had anything to do with it. To hold that the alleged sickness of the clerk, under the facts and circumstances of this case, was such providential cause as prevented the plaintiffs in error from being prepared to prosecute their case at the first term of the court, as contemplated by the constitution and statutes of the state, would be, in our judgment, to establish a dangerous and mischievous precedent, which we are unwilling to do. We will not say, that if a clerk, who had no deputy, should be taken sick during the ten days within which he is required to make out the transcript of the record, and on that account be unable to do the work within that time, or within a reasonable time thereafter, that it would not be such providential cause as is contemplated by the constitution, but "sufficient unto the day is the evil thereof."

Let the writ of error be dismissed.